# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BALANCED BRIDGE FUNDING LLC | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | |
| v. | : | |
| | | |
| MITNICK LAW OFFICE, LLC | | |
| | | |
| Respondent. | | |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Balanced Bridge Funding LLC ("Balanced Bridge") petitions the Court under 9 U.S.C. § 1 et seq. to confirm the Arbitrator's Final Award in <u>Balanced Bridge Funding LLC v. Mitnick Law Office, LLC</u>, AAA Case No. 01-20-0005-1630 (the "Arbitration"), and enter an order and judgment in the form proposed. In support thereof, Balanced Bridge avers as follows:

### PARTIES

1. Balanced Bridge is a limited liability company. Its sole member is a citizen of Pennsylvania. Balanced Bridge is thus a citizen of Pennsylvania for diversity jurisdiction purposes.

2. Mitnick Law Office, LLC ("Mitnick Law") is a limited liability company. Upon information and belief, its membership includes only citizens of New Jersey. Mitnick Law is thus a citizen of New Jersey for diversity jurisdiction purposes.

3. The Arbitration award that Balanced Bridge seeks to confirm is well in excess of $75,000.

### JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is appropriate under 9 U.S.C. § 9 because, per the parties' agreement, the Arbitrator deemed the Arbitration, although conducted by Zoom, to have occurred in Philadelphia, Pennsylvania.

## BACKGROUND AND RELEVANT FACTS

6. In September 2015, Mitnick Law entered into a contract with Balanced Bridge for a cash advance. Balanced Bridge was then known as Thrivest Specialty Funding, LLC.

7. Balanced Bridge and Mitnick Law entered into successive agreements, one supplanting the previous, and culminating in a Master Non-Recourse Purchase and Sale Agreement dated June 2, 2017 (the "Master Agreement").  A copy of the Master Agreement, with Riders, is attached hereto as Exhibit "A."

8. The Master Agreement contains an arbitration provision at Paragraph 11.

9. Mitnick Law breached the Master Agreement by, among other things, failing to pay over to Balanced Bridge the amounts owed.  Balanced Bridge commenced the Arbitration before the American Arbitration Association ("AAA"), which appointed the Hon. Francis J. Orlando, Jr. (Ret.) to serve as the Arbitrator.

10. Balanced Bridge and Mitnick Law pursued arbitration before AAA for over a year, including a discovery period with both written discovery and document exchanges.

11. Balanced Bridge and Mitnick Law agreed that the issue of liability, including the validity of the Master Agreement and Mitnick Law's breach, would be appropriate for partial summary judgment, and submitted cross applications for summary judgment on the issue of liability.

12. On May 27, 2021, Judge Orlando granted Balanced Bridge's application for summary judgment as to liability, determining that the agreements between Balanced Bridge and

Mitnick Law are valid and Mitnick Law had admitted breach.  See May 27, 2021 Order and Opinion, attached as Exhibit "B."

13. On June 21, 2021 and June 23, 2021, Judge Orlando held a damages hearing in which both parties presented exhibits and witness testimony.  Thereafter, the parties submitted post-hearing briefs for Judge Orlando's consideration.

14. On August 17, 2021, Judge Orlando entered an Interim Award in favor of Balanced Bridge; finding that Mitnick Law had underpaid Balanced Bridge, Judge Orlando assessed damages against Mitnick Law and in favor of Balanced Bridge as follows:

| Year | Amount |
| --- | --- |
| 2018 | $753,987.00 |
| 2019 | $454,062.00 |
| 2020 | $171,756.00 |
| 2021 | $99,300.00 |

See Interim Award, attached hereto as Exhibit "C."

15. Judge Orlando ordered Mitnick Law to pay these damages at an interest rate of nineteen percent (19%) per annum accruing daily and compounding monthly until the award is satisfied.  In addition, Judge Orlando awarded Balanced Bridge recovery of reasonable costs and attorney fees, pursuant to paragraph 9(a) of the parties' agreement, in the amount of $102,605.01.  Finally, Judge Orlando ordered Mitnick Law to bear the cost of all AAA fees and Arbitrator fees (which Balanced Bridge had paid), totaling $44,957.00.  See id.  Balanced Bridge had paid the AAA and Arbitrator fees.

16. On September 1, 2021, the Arbitrator entered a Final Award which incorporated the Opinion and Order dated May 27, 2021 and the Interim Award dated August 17, 2021. See Final Award, attached hereto as Exhibit "D."

17. Mitnick Law has not satisfied the Final Award and so Balanced Bridge files this petition to confirm it.

## STANDARD OF REVIEW

18. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, provides that, "within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The Master Agreement satisfies this requirement because it authorizes Balanced Bridge to enforce an award rendered pursuant to the arbitration provisions in any court of competent jurisdiction. See Master Agreement, attached as Exhibit "A" at p. 11(a).

19. The standard of review of an arbitration award is very deferential. Authority to vacate an award is limited to those rare instances where there is "absolutely no support at all in the record justifying the arbitrator's determinations." Jeffrey M. Brown Assoc., Inc. v. Allstar Drywall & Acoustics, Inc., 195 F.Supp.2d 681, 684 (E.D. Pa. 2002). The FAA expressly limits the power of a reviewing court to vacate or modify an arbitration award to the following circumstances:

   (1) where the award was procured by corruption, fraud, or undue means;

   (2) where there was evident partiality or corruption in the arbitrators, or either of them;

   (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

   (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a).

20. The Third Circuit also recognizes a fifth ground for vacatur in "exceptional cases" where there is a demonstrable "manifest disregard of the law." <u>Popkave v. John Hankcock Distrib., LLC</u>, 768 F.Supp.2d 785, 789 (E.D. Pa. 2011); <u>see also</u> <u>Southco, Inc. v. Reel Precision Mfg. Corp.</u>, 556 F.Supp.2d 505, 511 (E.D. Pa. 2008) (holding "the Court must affirm the award unless [it is] completely irrational . . ." which necessitates a showing that the decision "escape[s] the bounds of rationality.").

21. This judicially-created exception must only be applied in the rarest of circumstances where it is readily apparent from the record that the arbitrators willfully ignored applicable law. <u>Id</u>. at 790. The Court can also modify or correct an arbitration award to address clerical errors that do not go to the merits of the award. <u>See</u> 9 U.S.C. §11(a)-(c). None of these exceptions apply here.

## ARGUMENT

22. Arbitrator Orlando had authority and jurisdiction to issue the Final Award and the Court has authority and jurisdiction to confirm it. There are no grounds to vacate, further modify, or correct it. <u>See</u> 9 U.S.C. §10(a); <u>see also</u> <u>Southco, Inc. v. Reel Precision Mfg. Corp.</u>, 556 F.Supp.2d 505, 511 (E.D. Pa. 2008) (holding "the Court must affirm the award unless [it is] completely irrational" … which necessitates a showing that the decision "escape[s] the bounds of rationality").

23. The Final Award is the product of an arbitration proceeding that afforded Mitnick Law a fair opportunity to be heard on Balanced Bridge's claims. The Final Award is a well-reasoned decision issued by a competent and respected arbitrator. The parties had ample time for discovery, the Arbitrator heard the parties on the liability issue and Mitnick Law's challenges to the Master Agreement, and the Arbitrator conducted an evidentiary hearing and considered the parties' written submissions on damages.

24. The Final Award resulted from a full and fair arbitration process. Balanced Bridge respectfully requests that the Court confirm the Final Award and issue an order and judgment in the form proposed.

## **CONCLUSION**

25. For all of the foregoing reasons, confirmation of the Arbitration Award is proper and judgment should be entered thereon.

WHEREFORE, Balanced Bridge respectfully requests that the Court confirm the Final Award and enter an order and judgment in the form proposed.

    Respectfully submitted,

    /s/ Eric E. Reed, Esquire
    Eric E. Reed, Esquire
    Stephanie Ohnona, Esquire
    FOX ROTHSCHILD LLP
    2000 Market Street—20th Floor
    Philadelphia, PA 19103
    (215) 299-2000
    (215) 299-2150 (facsimile)
    *Attorneys for Balanced Bridge Funding LLC*

Dated: September 13, 2021