## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BALANCED BRIDGE FUNDING, LLC,

        *Plaintiff,*

   v.

MITNICK LAW OFFICE, LLC,

        *Defendant.*

CIVIL ACTION
NO. 21-4073

**Pappert, J.**                                                                                     **July 26, 2024**

### MEMORANDUM

Balanced Bridge Funding seeks to satisfy a judgment against Mitnick Law Office. To that end, it had writs of execution served on garnishees, including Locks Law Firm and BrownGreer. Mitnick Law moves to dissolve the writs. After considering the parties' submissions and holding a hearing, the Court denies the motions.

I

Balanced Bridge advanced Mitnick Law Office cash in exchange for rights to attorneys' fees Mitnick Law earned from the National Football League Concussion Class Action Litigation, (Arbitration Decision p. 2, ECF No. 1-3), a multidistrict litigation overseen by Judge Brody. *See In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 421 (3d Cir. 2016). Balanced Bridge filed an arbitration claim against Mitnick Law, asserting it failed to pay Balanced Bridge and refused to update Balanced Bridge on the Concussion MDL's status. (*Id.*) Balanced Bridge prevailed, *see* (Final Arbitration Award at 2-3, ECF No. 1-5), and subsequently filed a petition to

confirm the award. (ECF No. 1.)  The Court granted the petition and entered judgment against Mitnick Law in the amount of $2,889,875, plus interest.  (ECF No. 29.)

Balanced Bridge then filed two praecipes for writs of execution, (ECF Nos. 33, 34), which were served in September 2022.  (ECF Nos. 35, 37.)   The first was served on BrownGreer, the settlement administrator in the Concussion MDL.  (ECF No. 33.)  The second was served on Locks Law Firm, to which Mitnick Law referred legal work in exchange for referral fees.  (ECF No. 34.)  Early this year, Balanced Bridge filed praecipes for two additional writs which, in relevant respects, duplicate the prior two. (ECF Nos. 54, 57.)  Mitnick Law now seeks to dissolve the writs for several reasons.

Mitnick Law's motions do not indicate whether he seeks to dissolve the 2022 or 2024 writs.  The firm clarified its position at the hearing, explaining its motions apply to the 2024 writs only because it believes the 2022 writs are invalid.  (July 22, 2024 Hr'g Tr. 2:13–4:13, ECF No. 77.)  The 2022 and 2024 writs are essentially identical and are "directed at exactly the same property." (*Id.* at 7:17-19.)  With the 2022 writs in the background, the 2024 writs add nothing new to the landscape.  Because Mitnick Law's arguments that the 2022 writs are invalid fail, disputes about the 2024 writs are moot. Mitnick Law concedes as much.  (*Id.* at 17:22-18:6, 26:1-12.)

Mitnick Law requested the Court construe its motions to apply to the 2022 writs as well, if it finds they are valid.  (*Id.* at 3:5-13.)   As a practical matter, the Court cannot resolve the 2022 writs' validity without construing Mitnick Law's motions to apply to them.  Moreover, since the 2022 and 2024 writs are essentially the same, Mitnick Law's arguments regarding each set of writs are largely the same too.

Resolving the 2022 writs' validity settles this matter, so the Court need not go further than that.

## II

Federal Rule of Civil Procedure 69 governs the procedures to execute on a judgment.  Rule 69(a) directs federal courts to follow "the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(1).  In Pennsylvania, serving a writ of execution upon a garnishee "attaches all property of the defendant in the possession of the garnishee, including property that comes into the garnishee's possession after service."  *Korman Com. Props. v. Furniture.com, LLC*, 81 A.3d 97, 100 (Pa. Super. Ct. 2013) (citing Pa. R. Civ. P. 3111(b)).  Service of the writ operates as "an injunction against paying any debts of the defendant or delivering any attached property" to them. *Id.* (citing Pa. R. Civ. P. 3111(c)).  A court may, on any party in interest's application, set aside the writ, service or levy: (1) for a defect therein; (2) upon a showing of exemption or immunity of property from execution, or (3) upon any other legal or equitable ground therefor.  Pa. R. Civ. P. 3121(d).

## III

### A

Mitnick Law contends the writs should be set aside because the funds subject to them are exempt from garnishment.  It argues several exemptions apply.  First, it asserts "the monies are exemption [sic] as they are wages."  (Def.'s Mot. to Dissolve Writ Directed to BrownGreer p. 1, ECF No. 58); (Def.'s Mot. to Dissolve Writ Directed to Locks Law Firm p. 1, ECF No. 59.)  This is incorrect.  Subject to exceptions not relevant here, "[t]he wages, salaries and commissions of individuals shall while in the hands of

the employer be exempt from any attachment, execution or other process . . . ." 42 Pa. C.S. § 8127(a).

But this provision, "by its express terms, only applies if and when funds owed to an individual are held by such individual's employer." *In re Bosack*, 454 B.R. 625, 633 (Bankr. W.D. Pa. 2011). So it naturally doesn't apply "if and when funds owed to an individual are held by someone other than such individual's employer." *Id.* Even if Mitnick Law's status as a law office rather than an individual is put to the side,[1] neither BrownGreer nor Locks Law Firm can be considered its employer. *See B&S Assocs. v. Emstar Ambulance Servs.*, 52 Pa. D. & C.5th 554, 563 n.13 (Pa. Ct. Com. Pl. 2015) (rejecting a defendant debtor's attempt to dissolve a writ of execution because the defendant "provided no evidence that the amounts held by [the] garnishee . . . [were] wages, salaries or commissions, of any individual, or that [the garnishee was] an employer of Defendant.") So Mitnick Law cannot avail itself of the wage exemption.

B

Mitnick Law next contends "the monies are exempt because not all monies in the possession of garnishee are Mitnick Law Office monies, but include client funds from personal injury actions." (Def.'s Mot. to Dissolve Writ Directed to BrownGreer p. 1); (Def.'s Mot. to Dissolve Writ Directed to Locks Law Firm p. 1.) This argument appears not to apply to the writ served on Locks Law. Locks Law only owes Mitnick Law referral fees, which "do not include any amounts owed to clients." (Locks Law Email, ECF No. 64-12.) Instead, this argument applies only to the writ served on BrownGreer.

---

[1] Mitnick Law argues it should be treated as an individual and that its income should be treated as Mr. Mitnick's wages by virtue of the firm's single-member LLC status and certain IRS regulations. (July 22, 2024 Hr'g Tr. 26:19-30:24.)

Mitnick Law asserts a significant portion of funds held by BrownGreer are owed to clients in the Concussion MDL, and do not constitute legal fees owing to Mitnick Law. (July 22, 2024 Hr'g Tr. 31:4-32:2.)  But this argument is beside the point.  By its express terms, the writ of execution served on BrownGreer directs it to attach "all legal fees payable to Mitnick Law Office, LLC in connection with" the Concussion MDL. (2022 BrownGreer Writ of Execution, ECF No. 33-1.)  It enjoins BrownGreer from "paying any debt to or for the account of [Mitnick Law] and from delivering any property of [Mitnick Law] or otherwise disposing thereof." (*Id.*)  But it does not prohibit BrownGreer from releasing funds owed or belonging to Mitnick Law's clients.

And BrownGreer plans to give effect to this plain language.  It worked with the Special Masters involved in the Class Action Settlement to develop a plan to pay Balanced Bridge.  (BrownGreer Email at 3-5 ECF No. 64-9.)  Under this arrangement, when Mitnick Law or a settlement class member it represents is eligible for an award, BrownGreer will send Mitnick Law's fees and costs to Balanced Bridge.  (*Id.* at 3.)  It will separately send Mitnick Law the class member's portion of the award and ensure the firm sends these funds to the class member.  (*Id.*)  This plan complies with the writ's directive.  BrownGreer is allowed to send class members' awards to Mitnick Law, since these funds are not "property of Mitnick Law." (2022 BrownGreer Writ of Execution.)

C

Mitnick Law further asserts "[this] issue has already been ruled upon and denied by the Honorable Anita Brody." (Def.'s Mot. to Dissolve Writ Directed to BrownGreer, p. 1); (Def.'s Mot. to Dissolve Writ Directed to Locks Law Firm, p. 1.)  At

oral argument, Mitnick Law clarified its argument somewhat, contending the writs should be set aside on legal or equitable grounds under Pa. R. Civ. P. 3121(d)(3). Specifically, it believes Judge Brody ruled Balanced Bridge could not attach or otherwise directly receive from garnishees funds owing to Mitnick Law. (July 22, 2024 Hr'g Tr. 18:14-18, 20:8-16.) This is not the case. Judge Brody's determination rested on jurisdictional grounds. In the Concussion MDL, Balanced Bridge sought an order directing BrownGreer and Locks Law Firm to, pending confirmation of Balanced Bridge's arbitration award, "retain for Balanced Bridge's benefit" the fees Balanced Bridge was entitled to from Mitnick Law. *See* (Br. in Supp. of Mot. for Temporary Restraining Order and Preliminary Injunction pp. 1-2, Docket No. 12-2323, MDL No. 2323, ECF No. 11680-1.)

Judge Brody denied the motion, concluding this dispute was "not properly before" the MDL court since its "jurisdiction to administer the settlement and resolve issues relating to it does not extend to the adjudication of third-party rights of litigation funders." (Order Denying Balanced Bridge's Mot. for Temporary Restraining Order and Preliminary Injunction, MDL ECF No. 11690.)

"[F]indings made in granting or denying preliminary injunctions can have preclusive effect [in litigation on the merits in the same or a different proceeding] if the circumstances make it likely that the findings are 'sufficiently firm' to persuade the court that there is no compelling reason for permitting them to be litigated again." *Trs. of the Gen. Assembly of the Lord Jesus Christ of the Apostolic Faith, Inc. v. Patterson*, No. 21-634, 2024 WL 1096527, 2024 U.S. Dist. LEXIS 43923, at *2-3 (E.D. Pa. Mar. 13, 2024) (alteration in original) (quoting *Hawksbill Sea Turtle v. Fed Emergency Mgmt.*

*Agency*, 126 F.3d 461, 474 n.11 (3d Cir. 1997)).  Judge Brody's order made no factual findings relating to the propriety of attaching Mitnick Law's property held by BrownGreer or Locks Law Firm, so it lacks preclusive effect here.

D

Finally, Mitnick Law argues "the monies are exempt from other possible levies." (Def.'s Mot. to Dissolve Writ Directed to BrownGreer, p. 1); (Def.'s Mot. to Dissolve Writ Directed to Locks Law Firm, p. 1.)  Its motions left the Court guessing what this means, or why the firm believes it.  At the hearing, Mitnick Law explained it was referring to a Notice of Federal Tax Lien sent to BrownGreer and Locks Law Firm.  *See* (ECF No. 67). It contends that lien has priority over the 2024 writs, (February 28 Letter, ECF No. 66); (May 22 Letter, ECF No. 72); (July 22, 2024 Hr'g Tr. 22:15-24:11), conceding the 2022 writs have priority over the tax lien.  (July 22, 2024 Hr'g Tr. 4:7-23, 22:8-16, 24:1-5.) Even if this priority issue were properly before the Court, *see* (*id.* at 7:9-10:15), the 2022 writs' priority moots it.[2]

IV

Additionally, through several letters filed with the Court, Mitnick Law raises additional arguments, all of which are absent from his motions to dissolve the writs. For instance, it contends the 2022 writs have expired.  (March 14 Letter p. 1, ECF No. 69.)  The firm appears to believe these writs were only valid for ninety days after they were issued.  (*Id.*)  Under Pennsylvania Rule of Civil Procedure 3106(d), a writ of

---

[2]     Mitnick Law also sought a $300 statutory exemption.  (Claim for Exemption from Writ Directed to BrownGreer, ECF No. 58-2); (Claim for Exemption from Writ Directed to Locks Law Firm, ECF No. 59-2.)  But it withdrew this claim during the hearing.  (July 22, 2024 Hr'g Tr. 30:25-31:3.)

execution "shall not be *served* nor shall a levy or attachment be *made* thereunder after the expiration of ninety days from the date of issuance or reissuance."  Pa. R. Civ. P. 3106(d) (emphasis added).  But "[a]fter levy or attachment has been made under the writ within the ninety-day period[,] it shall remain valid without further reissuance for the purpose of completing the pending execution proceedings under the levy or attachment."  *Id.*  In other words, timely service of the writ of execution satisfies Rule 3106(d).  *See Helms v. Chandler*, 223 A.2d 30, 31 (Pa. 1966) ("Service of the writ of execution under Rule 3111 constitutes the attachment.").

Here, the writs notified Locks Law Firm and BrownGreer that "an attachment has been issued, and that [they are] enjoined from paying any debt to or for the account of [Mitnick Law]" or otherwise delivering or disposing of any of Mitnick Law's property. (2022 BrownGreer Writ of Execution, ECF No. 33-1); 2022 Locks Law Firm Writ of Execution, ECF No. 34-1.)  The writs were issued on August 30, 2022. A U.S. Marshal served the writ on Locks Law Firm two weeks later, on September 14.  (Locks Law Firm Process Receipt, ECF No. 35.)  And a Marshal served BrownGreer on September 20.  (BrownGreer Process Receipt, ECF No. 37.)  Therefore, attachment occurred within Rule 3106(d)'s ninety-day window.  *See Korman*, 81 A.3d at 100 ("Service of the writ [of execution] attaches all property of the defendant in the possession of the garnishee . . . .") (citing Pa. R. Civ. P. 3111(b)); *see also Jacks Auto Parts Sales, Inc. v. MJ Auto Body & Repair, LLC*, 305 A.3d 162, 168 (Pa. Super. Ct. 2023); *FedEx Corp. Servs. v. Costume Gallery, Inc.*, ___A.3d___, 2024 Pa. Super. 152, 2024 Pa. Super. LEXIS 299, at *2-3, 7-8 (2024) (describing a writ of execution served on a bank which "possessed no property belonging to the defendant/judgment debtor" at the time of service as "timely served,"

and describing this "attachment under the writ of execution" as having been "made" on the date the writ was served); *see also Sheetz v. Hobensack*, 20 Pa. 412, 413-14 (1853) ("[I]f A. attaches the money or goods of M. in the hands of R., and if R. have no money or goods in his hands belonging to M. . . . and it shall happen that six months after R. shall become indebted to M., or have goods in his hands belonging to M., the plaintiff A., by virtue of the *attachment made as aforesaid*, shall recover the money or goods he shall prove came to the hands of R., *after the attachment made*" (first emphasis added) (quotation omitted)).   The writ consequently remains valid and does not require "further reissuance."  *See* Pa. R. Civ. P. 3106(d).

In response, Mitnick Law argues "the monies that are currently the subject of the Writs were not in the possession of [BrownGreer] nor was [BrownGreer] 'holding them' for Mitnick Law."  (March 15 Letter p. 1, ECF No. 71.)  Specifically, the firm contends it did not acquire these funds until Judge Brody entered an order releasing previously-withheld portions of fee awards after the writ of execution was served.  (*Id.*)  Mitnick Law appears to be arguing the writ served on BrownGreer could not have attached any of the firm's property because BrownGreer did not possess any of its property at the time it was served with the writ.

This argument is contrary to Pennsylvania law because serving a writ of execution not only attaches the defendant's property currently held by the garnishee, it also attaches "property that comes into the garnishee's possession after service." *Korman*, 81 A.3d at 100 (citing Pa. R. Civ. P. 3111(b)). And this rule applies "even though no such property of the defendant was in the garnishee's possession at the time of service."  Pa. R. Civ. P. 3111(b).  A case of "attachment execution" is one in which

"judgment is obtained against the defendant before the writ is issued against the garnishee." *Jones v. Gialanella*, No. 1229 WDA 2013, 2014 WL 10896929, 2014 Pa. Super. Unpub. LEXIS 2703, at *13 n.14 (Pa. Super. Ct. July 16, 2014) (quoting *Gen. Maint. Eng'rs, Inc. v. Pac. Vegetable Oil Corp.*, 104 A.2d 505, 507 (Pa. Super. Ct. 1954)).

In such cases—like this one—"there need not be a res in the hands of the garnishee at the time the attachment is served, and monies or property subsequently acquired by the garnishee may become bound by the attachment." *Id.* at *15 n.14 (quoting *Atkins v. Canadian SKF Co.*, 45 A.2d 28, 30 (Pa. 1946)); *Pa. Co. v. Youngman*, 171 A. 594, 595-596 (Pa. 1934) (explaining that when a writ of execution was served on the trustee of a will that the defendant held a contingent interest in, the property devised by the will "became subject to the attachment, like any other property afterward coming into the hands of the garnishee," once the defendant's interest in the will vested).

An appropriate Order follows.

BY THE COURT:


 */s/ Gerald J. Pappert*
Gerald J. Pappert, J.